# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| MELVIN WARD, JR., | * | |
| Petitioner, | * | |
| | | CASE NO. 5:08-CV-90023-HL |
| vs. | * | 28 U.S.C. § 2255 |
| | | CASE NO. 5:07-CR-76-HL |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 is before this court for preliminary consideration as required by Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts.

## Procedural History

On August 14, 2007, a Criminal Information was filed against Petitioner Ward charging him with 1) Conspiring to Defraud The Government with respect to the preparation and filing of false, fictitious and fraudulent income tax returns in violation of 18 U. S. C. § 286, and 2) by presenting to the Internal Revenue Service false, fictitious and fraudulent federal income tax refund claims in violation of 18 U. S. C. § 287. (Doc. 1). Petitioner Ward waived Indictment (Doc. 6) and entered into a Plea Agreement with the Government on September 24, 2007 (Doc. 7). On the same date, Petitioner entered a plea of guilty to each of the two Counts charged.

After the preparation of a Pre-Sentence Investigation reported to the Court, Petitioner was sentenced to 78 months imprisonment on Count II of the Information and to a concurrent 60 months on Count I. (Doc. 17). The sentence was made the Judgment of the Court on December 20, 2007. (Doc. 19).

On August 25, 2008, Ward filed the Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 28), which is presently under examination pursuant to Rule 4, Rules Governing Section 2255 Proceedings For The United States District Courts. At Section 13 of his Motion, Petitioner alleges:

> Defendant maintains that a plea agreement was offered in his case and accepted as well. However, defendant tested positive for marijuana in a U.S. Probation Office and as a result was denied acceptance of responsibility. Defendant maintains that since he cooperated with the Government at all phases of the investigation leading up to sentencing, that acceptance should be granted on that condition alone.
>
> Defendant maintains that his continued drug usage was only indicative of a serious problem with drugs that date back deep into the past. Also due to his indigent status, defendant was unable to attend NA meetings, which, according to Mr. Long of the U.S. Probation Office, were to be held at Cornerstone Baptist Church on Mercer University Drive and defendant didn't have access to transportation and/or finances. Be also advised that an investigation later revealed that meetings should've been at River Edge Behavioral Health Center on Emery Hwy, which is only five (5) minutes away from where I resided and in walking distance. Mr. Eller didn't inform me of the River Edge meetings, only the Cornerstone church meetings. Defendant further states that he had insufficient counsel who failed to bring up this and other issues before sentencing.

In conclusion, Petitioner Ward states, "Therefore, movant asks the Court to grant the following relief: Restore previously denied acceptance of responsibility and reduce sentence pursuant to U.S.S.G. at an offense level of 17." (Doc. 28 at 13). However, Ward's Plea Agreement (Doc. 7) at Section (4)(B) plainly provides the following:

> If the Defendant affirmatively manifests an acceptance of responsibility as contemplated by the Sentencing Guidelines, the United States Attorney will recommend to the Court that the Defendant receive a downward adjustment in the advisory guideline range. But the decision whether the Defendant will receive any sentence reduction for acceptance of responsibility rest within the Court's discretion. The

> United States expressly reserves its right to furnish to the Court information, if any, showing that the Defendant has not accepted responsibility, including, but not limited to, denying his involvement, giving conflicting statements as to his involvement, or engaging in additional criminal conduct including personal use of a controlled substance.

Petitioner Ward admits to the use of marijuana, a controlled substance, between the time of his Plea Agreement and the time of his sentencing. His Plea Agreement clearly provided that the decision whether to grant any credit for acceptance of responsibility at all times lay within the discretion of the Court alone, and the Court had a verified artriculable basis for its decision not to grant credit for acceptance of responsibility to Petitioner Ward who continued to commit criminal offenses by using controlled substances while awaiting felony sentencing. Petitioner Ward's claim for credit for acceptance of responsibility and reduction of his sentence is frivolous, and his Motion otherwise lacks legal or factual merit upon which relief can be granted, and should be denied.

**WHEREFORE, IT IS RECOMMENDED** that Petitioner Ward's Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 be DENIED. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, **WITHIN TEN (10) DAYS** after being served with a copy hereof.

**SO RECOMMENDED** this 2nd day of September 2008.

          **S/ G. MALLON FAIRCLOTH**
          **UNITED STATES MAGISTRATE JUDGE**