IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MELVIN WARD, JR., | : | |
| | : | |
| Movant, | : | |
| | : | |
| v. | : | Civil Action No. 5:08-cv-90023 (HL) |
| | : | |
| UNITED STATES OF AMERICA, | : | Crim. Action No. 5:07-cr-76 |
| | : | |
| Respondent. | : | |

## **ORDER**

    The Recommendation of United States Magistrate Judge G. Mallon Faircloth, entered September 2, 2008 (Doc. 30), as to Melvin Ward, Jr.'s Motion Under 28 U.S.C. § 2255 is before the Court.  Ward has filed written objections to the Recommendation, as permitted by 28 U.S.C. § 636(b)(1).  The Court, having given de novo consideration to the objections and due consideration to the Recommendation, hereby accepts the Recommendation, as discussed below.

    Melvin Ward, Jr. entered a plea of guilty to an information on September 24, 2007.  Thereafter, Ward cooperated with the Government with respect to the investigation of his case.  However, after Ward entered a plea to the information, but before he was sentenced, Ward was taken into custody on a bench warrant for having violated the conditions of his release by using marijuana.  The probation office recommended that Ward not receive the benefit of acceptance of responsibility

because of the marijuana use. Defendant objected to the probation office recommendation. When Ward was sentenced on December 18, 2007, this Court overruled the objection, and declined to give Ward the benefit of a reduction in sentence based on acceptance of responsibility.

In his § 2255 Motion, Ward argues that the decision to deny him the benefit of a reduction in sentence based on acceptance of responsibility was error. He contends the Court should have been advised that he had a serious drug problem and maintains that he would have taken advantage of available drug counseling near his home if he had known about it. He contends that the failure of his attorney to inform the court of the serious nature of his drug problem gives rise to a claim for ineffective assistance of counsel. The Court finds no merit in this contention.

At sentencing, the question of whether Ward should receive a benefit based on acceptance of responsibility was discussed in some detail. As Ward's attorney pointed out, the Court continued to retain the discretion to apply the benefit despite Ward's use of marijuana. The Court, nevertheless, declined to apply the benefit, noting that because of the serious nature of Ward's offenses he had considered imposing a sentence above the guideline range. Rather than doing that, however, the Court chose to deny acceptance of responsibility and impose a sentence within the guideline range.

Contrary to Ward's assertions in his objections, the Court did not punish Ward for having a drug problem. Rather, the Court declined to give Ward the benefit of acceptance of responsibility because, as the Court suggested at sentencing, giving him

such a benefit would result in a sentence that was not sufficient in light of the serious nature of the offenses to which he pleaded guilty. Nothing offered by Ward in his Motion or objections, or contained in the record, suggests that had the Court been made aware that Ward suffered from a serious drug problem that the result at sentencing would have been any different.

The Magistrate Judge found that Ward's § 2255 "lacks legal or factual merit upon which relief can be granted," and recommends that it be denied. The Court accepts the Magistrate Judge's recommendation and Ward's Motion Under § 2255 is hereby denied.

**SO ORDERED**, this the 10th day of November, 2008.

*s/ Hugh Lawson*
**HUGH LAWSON, JUDGE**

mls